# Third District Court of Appeal

## State of Florida

Opinion filed January 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1565
Lower Tribunal No. 20-4658
_____

**Jackson Health System,**
Petitioner,

vs.

**Emlyn Louis,**
Respondent.

A Case of Original Jurisdiction – Writ of Prohibition.

Abigail Price-Williams, Miami-Dade County Attorney, and William X. Candela and Eric A. Rodriguez, Assistant County Attorneys, for petitioner.

Gallup Auerbach, and Dana M. Gallup and Debra Auerbach (Hollywood), for respondent.

Before SCALES, HENDON, and BOKOR, JJ.

HENDON, J.

Jackson Health System ("Jackson Health") petitions this Court for a writ of prohibition, asserting that the Miami-Dade County Circuit Court ("Circuit Court") is without subject matter jurisdiction to preside over the underlying whistle-blower action filed by respondent Emlyn Louis ("Louis") because he failed to exhaust his administrative remedies. We agree and therefore grant Jackson Health's petition.

The underlying action is the second action filed by Louis pursuant to Florida's Whistle-blower's Act, section 112.3187, *et seq.*, of the Florida Statutes. In both actions, Louis asserted that after he submitted written complaints regarding suspected acts of misconduct, gross mismanagement, and gross negligence by certain employees or agents of Jackson Health, Jackson Health retaliated by disciplining him and ultimately terminating his employment on February 2, 2018.

Pursuant to section 112.3187(8)(b), a local public employee protected by Florida's Whistle-blower Act, such as Louis, must file a complaint with the appropriate local governmental authority within sixty days of the adverse action "if that authority has established by ordinance an administrative procedure for handling such complaints." Jackson Health has established such an administrative procedure as set forth in Miami-Dade County Ordinance § 2-56.28.17, which provides that the employee must file an administrative whistle-blower complaint within sixty days after the prohibited action, which in the instant case, was Jackson Health's termination of Louis on February 2, 2018.

2

On July 30, 2018, Louis filed his first whistle-blower action in the Circuit Court. As an affirmative defense, Jackson Health asserted that Louis failed to exhaust administrative remedies under Florida's Whistle-blower's Act and sought dismissal of the action. On May 8, 2019, Jackson Health filed a motion for summary judgment, which was later amended, arguing that, because Louis failed to file an administrative whistle-blower complaint pursuant to Miami-Dade County Ordinance § 2-56.28.17 within sixty days of his termination, the Circuit Court lacked jurisdiction and the action must be dismissed. On November 6, 2019, the Circuit Court granted Jackson Health's motion for summary judgment, finding that it was "undisputed that [Louis] failed to file an administrative whistleblower complaint pursuant to Miami-Dade County Ordinance §2-56.28.17 within sixty (60) days of his termination." Further, the Circuit Court determined that it lacked subject matter jurisdiction because Louis failed to exhaust his administrative remedies. Louis did not appeal this order.

In February 2020, Louis filed a second whistle-blower complaint in the Circuit Court stemming from his February 2, 2018 termination from Jackson Health. Thereafter, Jackson Health filed a motion to dismiss, which the trial court denied.

In this petition for writ of prohibition, Jackson Health asserts that the Circuit Court is without subject matter jurisdiction to preside over the underlying whistle-

3

blower action because Louis failed to exhaust his administrative remedies. We agree and therefore grant Jackson Health's petition for writ of prohibition.

In Miami-Dade County v. Harris, 278 So. 3d 103 (Fla. 3d DCA 2019), Miami-Dade County petitioned for a writ of prohibition, asserting that the circuit court was without jurisdiction to preside over Harris's whistle-blower action because he failed to exhaust administrative remedies. This Court held that pursuant to section 112.3187(8)(b), "the County established administrative procedures for handling whistleblower complaints." Id. at 106. This Court determined that the circuit court lacked jurisdiction because Harris failed to exhaust his administrative remedies set forth in Miami-Dade County's ordinance before filing his whistle-blower action in the circuit court. Id. at 106-07. This court granted Miami-Dade County's petition for writ of prohibition but withheld issuance as this Court was confident that the trial court would dismiss the action for lack of jurisdiction.

In the instant case, it is undisputed that Louis failed to file the required administrative complaint within sixty days of his termination as required by Miami-Dade County Ordinance § 2-56.28.17, and therefore, failed to exhaust his administrative remedies. As the failure to exhaust administrative remedies is jurisdictional, we grant Jackson Health's petition for writ of prohibition. However, we withhold issuance of the writ because we are confident that the Circuit Court will enter an order dismissing the action for lack of subject matter jurisdiction.

4

We have considered the remaining arguments raised by Louis but find that they lack merit and do not warrant discussion.

Petition granted but issuance of writ withheld.